The Honorable Clyde D. Graeber State Representative, 41st District State Capitol, Room 115-S Topeka, Kansas 66612
Dear Representative Graeber:
You request our opinion whether a countywide retailers' sales tax may be imposed for a fixed period of time and sunset without the necessity of an election to repeal it. Our understanding is that Leavenworth county is considering submitting the question of imposing a countywide retailers' sales tax with the proceeds from the county's share earmarked for the construction of a jail.
K.S.A. 1994 Supp. 12-187 states, in relevant part, as follows:
 "(b)(1) The board of county commissioners . . . may submit the question of imposing a countywide retailers' sales tax to the electors at an election called and held thereon. . . ."
 "(g) Any . . . county proposing to adopt a retailers' sales tax shall give notice of its intention to submit such proposition for approval by the electors in the manner required by K.S.A. 10-120. . . . The notices shall state the time of the election and the rate and effective date of the proposed tax. . . . If a majority of the electors voting thereon at such election shall approve the levying of such tax, the governing body of any . . . county shall provide by . . . resolution . . . for the levy of the tax. Any repeal of such tax or reduction or increase in the rate thereof . . . shall be accomplished in the manner provided herein for the adoption and approval of such tax. . . ."
 "(i) The governing body of the . . . county proposing to levy any retailers' sales tax shall specify the purpose or purposes for which the revenue would be used, and a statement generally describing such purpose or purposes shall be included as part of the ballot proposition." (Emphasis added).
It is our opinion that there is nothing in the statutes which prohibits a county from imposing a retailers' sales tax for a fixed period of time. In fact, K.S.A. 1994 Supp. 12-187(b)(2), (3), (4) and (6) specifically provide for the expiration of the sales tax when the payment of the cost for a particular project (specified in the statute) is complete. (We do note that the department of revenue would prefer that the expiration date be the end of a calendar quarter for purposes of terminating collection.) Furthermore, it is our opinion that there is nothing that prohibits a county from stating its intention to sunset the tax on a certain date and announce that intention in the resolution and/or the ballot proposition. As indicated above, subsection (i) requires that the county specify on the ballot the purpose for which the funds will be used and it would seem appropriate to indicate in that "purpose statement" the date the tax will expire.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm